UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS,<br><br>Plaintiff,<br><br>v.<br><br>THE DAVIDIAN SEVENTH-DAY ADVENTIST ASSOCIATION,<br><br>Defendant. | Case No.   1:24-mc-00067-EPG<br><br>ORDER GRANTING MOTION TO SUBPOENA SECRETS UNSEALED<br><br>(ECF No. 1)<br><br>ORDER TO SHOW CAUSE WHY MOTION TO SUPBOENA AMAZING FACTS INTERNATIONAL SHOULD NOT BE DENIED WITHOUT PREJUDICE<br><br>(ECF No. 2). |

**I.     INTRODUCTION**

The Davidian Seventh-day Adventist Association (DSDAA) filed this miscellaneous action on May 15, 2024. That same day, DSDAA filed two motions requesting that the Clerk of Court issue two subpoenas. (ECF Nos. 1, 2).

DSDAA states that the subpoenas are needed to compel third parties "to appear for a deposition and produce documents relevant to Trademark Trial and Appeal Board Cancellation No. 92078546 (the 'Cancellation Action')." (ECF No. 1, p. 1; ECF No. 2, p. 1). The first subpoena is directed to "Secrets Unsealed, having a principal addresses of 5949 E Clinton Ave., Fresno, CA 93727." (ECF No. 1, p. 1). And the second subpoena is directed to "Amazing Facts

International, having a principal addresses of 6615 Sierra College Blvd., Granite Bay, CA 95746." (ECF NO. 2, p. 1). "DSDAA makes this application pursuant to 35 U.S.C. § 24; Trademark Trial and Appeal Board Manual of Procedure . . . § 404.03(a)(2); and, Local Rule 250.5 (Fed. R. Civ. P. 45) of the Eastern District." (ECF No. 1, p. 2; ECF No. 2, p. 2).

Upon review, the Court will grant the motion to subpoena as to Secrets Unsealed (ECF No. 1) and will order DSDAA to show cause why its motion to subpoena Amazing Facts International should not be denied without prejudice (ECF No. 2).

## II.     LEGAL STANDARDS

DSDAA states that there are ancillary proceedings before the Trademark Trial and Appeal Board (TTAB). As one court has noted:

> The TTAB is an administrative tribunal of the [Patent and Trademark Office (PTO)] with jurisdiction over adversarial proceedings regarding the registrability of a trademark. *See* 15 U.S.C. §§ 1063, 1064, 1066, 1067(a). (West Supp. 2007). The TTAB does not have the authority to compel witnesses through the subpoena power to appear for testimony in its proceedings. *Rosenruist-Gestao E Services LDA v. Virgin Enterprises Ltd.* 511 F.3d 437, 444 (4th Cir. 2007). Accordingly, Congress granted district courts subpoena authority under 35 U.S.C.A. § 24 to command the appearance of witnesses in administrative proceedings before the PTO.

*Waterdrop Microdrink GmbH v. Qingdao Ecopure Filter Co., Ltd*, No. 2:23-MC-00123-JLS-PD, 2024 WL 277461, at *2 (C.D. Cal. Jan. 18, 2024).

In turn, § 24, which DSDAA relies on, provides as follows:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.
>
> Every witness subpoenaed and in attendance shall be allowed the fees and traveling expenses allowed to witnesses attending the United States district courts.
>
> A judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify. No witness shall be deemed guilty of contempt for disobeying such subpoena unless his fees and traveling expenses in going to, and returning from, and one day's attendance at the place of examination, are paid or tendered him at the time of the service of the

subpoena; nor for refusing to disclose any secret matter except upon appropriate order of the court which issued the subpoena.

35 U.S.C. § 24.

"This narrow jurisdictional grant assigns district courts the limited function in contested PTO matters of 'issu[ing] and enforc[ing] subpoenas in connection with the preparation of evidence for submission' to the administrative tribunal." *Waterdrop Microdrink GmbH*, 2024 WL 277461, at *2 (quoting *Frilette v. Kimberline*, 508 F.2d 205, 209 (3d Cir. 1974)); *see Tribe of Two, LLC v. TOD'S S.P.A.*, No. 2:21-MC-00024-JAK-JC, 2021 WL 5277447, at *1 (C.D. Cal. Feb. 16, 2021) ("Although it does not appear that the Ninth Circuit has yet considered this statute (*see Toni Brattin & Co. v. Mosaic International, LLC*, 2015 WL 1844056, *2 (N.D. Cal. Apr. 9, 2015), other Circuits have held that [35 U.S.C. § 24] affords district courts jurisdiction in contested Patent and Trademark Office proceedings to issue and enforce subpoenas in connection with the preparation of evidence for submission to the administrative tribunal.") (citations omitted).

DSDAA also cites the Trademark Trial and Appeal Board Manual of Procedure (TBMP) § 404.03(a)(2). This section refers to 35 U.S.C. § 24 and provides commentary regarding service of a subpoena.

Lastly, DSDAA cites Local Rule 250.5, which generally addresses subpoenas duces tecum, but does not address matters before the TTAB or 35 U.S.C. § 24.

### III.   ANALYSIS

#### A. MOTION TO SUBPOENA SECRETS UNSEALED

Citing the above authority, DSDAA requests that the Clerk of Court issue a subpoena to Secrets Unsealed, which has a principal address of 5949 E Clinton Ave., Fresno, CA 93727, so that it may appear for a deposition to "commence on June 5, 2024, at 9:00 am (Pacific Time) at Secrets Unsealed" and produce documents relevant to the TTAB action. (ECF No. 1, p. 7). DSDAA requests Secrets Unsealed to designate one or more officers or other representatives to testify on behalf of Secrets Unsealed. And DSDAA requests the production of certain documents, such as "a[]ll communications between Secrets Unsealed and the SDA Church." (*Id.* at 13).

Upon review, because this matter concerns a contested case in the PTO and DSDAA seeks

a subpoena as to a witness within this District, the Court will grant the motion and order the Clerk of Court to issue the subpoena. *See Tribe of Two, LLC*, 2021 WL 5277447, at *1 (directing the Clerk of Court to issue a subpoena under 35 U.S.C. § 24).

### B.  MOTION TO SUBPOENA AMAZING FACTS INTERNATIONAL

DSDAA also requests that the Clerk of Court issue a subpoena to Amazing Facts International, which has a principal addresses of 6615 Sierra College Blvd., Granite Bay, CA 95746, so that it may appear for a deposition to "commence on June 4, 2024, at 9:00 am (Pacific Time) at Hyatt House Sacramento / Midtown 2719 K St. Sacramento, CA 95816" and produce documents relevant to the TTAB action. (ECF No. 1, p. 7). DSDAA requests Amazing Facts International to designate one or more officers or other representatives to testify on behalf of Amazing Facts International. And DSDAA requests the production of certain documents, such as "[a]ll communications between AFI and the SDA Church." (*Id.* at 13).

Upon review, the Court will require DSDAA to show cause why this motion should not be denied as being filed within the incorrect Division. Notably, 35 U.S.C. § 24 directs the Clerk of Court to "issue a subpoena for any witness residing or being within such district" for which "testimony is to be taken for use in any contested case in the Patent and Trademark Office." According to DSDAA, Amazing Facts International's principal address is in Granite Bay, California, which is located in Placer County. Moreover, the location where the testimony is to be taken is the Hyatt House in Sacramento, California, which is in Sacramento County.

Pursuant to Local Rule 120(d), "[a]ll civil and criminal actions and proceedings of every nature and kind cognizable in the United States District Court for the Eastern District of California arising in . . . Placer [and] Sacramento . . . shall be commenced in the United States District Court sitting Sacramento, California. . . . " While Local Rule 120(f) provides for the transfer of an "action [that] has not been commenced in the proper court in accordance with this Rule," it is not apparent that the Local Rule permits the transfer of *a single motion* to a different Division.

Accordingly, the Court will grant DSDAA ten days to file a supplemental brief explaining why its motion to subpoena Amazing Facts International should not be denied without prejudice to DSDAA filing its motion in a new miscellaneous action before the Sacramento Division of the

Eastern District of California.

**IV.     ORDER**

Accordingly, IT IS ORDERED as follows:

1. DSDAA's motion to subpoena Secrets Unsealed (ECF No. 1) is granted.
2. The Clerk of Court shall issue the provided subpoena (ECF No. 1, p. 4) to DSDAA. *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service.").
3. Within ten (10) days from the entry of this order, DSDAA shall file a supplemental brief showing cause why its motion to subpoena Amazing Facts International should not be denied without prejudice to DSDAA filing the motion in a new miscellaneous action before the Sacramento Division.
4. If DSDAA fails to timely file a response to this order, it is advised that its motion to subpoena Amazing Facts International may be denied.

IT IS SO ORDERED.

Dated:  **May 17, 2024**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE